UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE SELTER and KELLY JEANNE JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN E&S INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, INC.,<br><br>Defendants. | No.  2:21-cv-01114-MCE-DB<br><br>**ORDER** |

On May 20, 2021, Plaintiffs Bruce Selter ("Selter") and Kelly Jeanne James ("James" and, collectively with Selter, "Plaintiffs") filed a Complaint in the Superior Court of California, County of Placer, against Defendants Great American E&S Insurance Company ("E&S") and its parent company, American Financial Group, Inc. ("AFG" and, collectively with E&S, "Defendants"), alleging Defendants refused to defend and indemnify James in an underlying state court action.  Ex. A, Not. Removal, ECF No. 1-1 ("Compl.").  Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1332.  Not. Removal, ECF No. 1.  Presently before the Court is AFG's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6),[1] which has been fully briefed.  ECF Nos. 5 ("AFG's Mot."), 9 ("Pls.' Opp'n"), 10 ("AFG's Reply").

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

Plaintiffs' Complaint asserts two causes of action:  (1) breach of duty of good faith and fair dealing on behalf of Selter and James, and (2) violation of California Insurance Code § 11580(b)(2) on behalf of Selter.  See generally Compl.  To sustain either cause of action, Plaintiffs must show that E&S and AFG are both parties to the underlying insurance policy.  See Wady v. Provident Life and Accident Ins. Co. of Am., 216 F. Supp. 2d 1060 (C.D. Cal. Apr. 30, 2002) ("[A] defendant cannot be held liable for breach of the duty of good faith and fair dealing if it was not a party to the underlying contract.") (citing Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 576 (1973)); Cal. Ins. Code § 11580(b)(2) ("[W]henever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against **the insurer on the policy** and subject to its terms and limitations, by such judgment creditor to recover on the judgment.") (emphasis added).  In the present motion, AFG argues that Plaintiffs cannot plead a valid claim for relief against it because AFG was not a party to the insurance policy at issue.  See AFG's Mot. at 10–13; AFG's Reply at 3–4.

"In ruling on a [Rule] 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, **exhibits attached to the complaint**, and matters properly subject to judicial notice." Swartz v. KPMGLLP, 476 F.3d 756, 763 (9th Cir. 2007) (emphasis added).  Attached to the Complaint here is the underlying insurance policy, which shows that E&S issued the policy to James' employer, Placer County In-Home Supportive Services Public Authority ("IHSS").  See Ex. 1, Compl., at 12.  Additionally, the Complaint attaches the stipulated judgment between Plaintiffs in the underlying state court action, which, in relevant part, states that, "James assigns to Selter all claims and causes of action she now has, or may acquire at any time in the future, against Placer County, Placer County IHSS and **E&S** based on their denial of defense and indemnification to her in the Lawsuit . . ." Ex. 2, id., at 56–58 ("James subsequently tendered her defense and indemnity to [**E&S**], the insurer for Placer County IHSS, and it was rejected.") (emphases added).  Plaintiffs simply urge the Court

1  to accept its allegation that AFG wrote the underlying insurance policy, see Pls.' Opp'n
2  at 3, but this is contradicted by its own exhibits attached to the Complaint.  See <u>Oakland-
3  Alameda Cnty. Coliseum Auth. v. Golden State Warriors, LLC</u>, 53 Cal. App. 5th 807,
4  818–19 (2020) ("Interpretation of a contract is a question of law 'when it is based on the
5  words of the instrument alone, when there is no conflict in the extrinsic evidence, or
6  when a determination was made based on incompetent evidence.'") (citation omitted).

      Plaintiffs nevertheless contend that "[a] parent insurance company may be liable for its subsidiaries if there is sufficient factual evidence in support of an alter ego finding." Pls.' Opp'n at 3.  However, the Complaint does not specifically allege that AFG is the alter-ego of E&S, nor does it allege any facts to support this theory.  Nor have Plaintiffs provided any real indication as to what additional allegations they could add.  However, in light of the liberal standard for granting leave to amend and out of an abundance of caution, the Court will permit Plaintiffs one opportunity to amend their pleading.

      Accordingly, AFG's Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED with leave to amend.[2,3]  Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  February 7, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] AFG's Motion to Dismiss Pursuant to Rule 12(b)(2) is DENIED as moot.  Furthermore, because the Court did not consider documents outside the Complaint in reaching its decision, AFG's Request for Judicial Notice, ECF No. 6, is DENIED.

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

3